**Honorable Brian M. Cogan, U.S.D.J.**
**United States District Court**
   **for the Eastern District of New York**
**225 Cadman Plaza East**
**Brooklyn, New York 11201**

Re:   *Craine v. Stylish Curves LLC*
      Docket No. 1:19-cv-3995-BMC

Dear Judge Cogan,

Plaintiff Nicole Craine ("Plaintiff," or "Craine") and Defendant Stylish Curves LLC ("Defendant," or "Stylish Curves") jointly submit this letter in anticipation of the Conference scheduled for 12:30pm on September 11, 2019.

1. **Brief Description of the Case**

**Plaintiff's Perspective**

Craine is a professional photograph in the business of licensing her photographs for a fee. Craine took a photograph of the Women's march which was properly registered with the US Copyright Office.

Stylish Curves ran the photograph on its website without permission and removal Plaintiff's photo credit.

Craine asserts that the Stylish Curves's infringement was willful, intentional, purposeful, and in disregard or indifference to Craine's rights in the photograph.

**Defendant's Perspective = Defendant denies infringement and/or violation of integrity of copyright management information**

Defendant owns a blog website, stylishcurves.com, featuring issues concerning women in general and also featuring fashion and beauty matters directed to plus size women. The Women's March in issue was a major newsworthy international event reported worldwide by various organizations, bloggers, etc.  On the day of the event, Plaintiff wrote and published a newsworthy article on her blog, using a variety of photographs of the event available throughout the Internet (not the New York Times article) to communicate and report on an immediate newsworthy event for purposes of commentary, criticism and informational purposes.  The use is protected by the First Amendment and constitutes a "fair use" of the photograph in issue under 17 U.S.C. § 107.

According to the New York Times, the Plaintiff was on assignment from the New York Times.  As such, there is a question as to ownership of the copyright in the Photograph.

The alleged copyright registration was filed long after the photo was taken, and to the extent the Photograph is included in the copyright application/registration, its use among all the other photographs constitutes *di minimis* use not protected by copyright. Further, there is an issue as to whether the copyright application was properly registered or whether it is valid as a group work.

To the extent any copyright has been infringed, which Defendant does not concede, Plaintiff has suffered, at most, *di minimis* damages in the form of a lost license fee that is estimated to be $50-$100.

See all additional Affirmative Defenses of Defendant.

2. **Jurisdiction**

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a). This Court has personal jurisdiction over the Defendant because the Defendant resides in and is transacting business in New York. Venue is also proper in this District pursuant to 28 U.S.C.§1391(b).

3. **Contemplated Motions**

**Plaintiff**

Plaintiff anticipates that following the closing of discovery, it will file a motion for summary judgment against Defendant on liability for copyright infringement.

**Defendant**

As may be revealed in discovery, Defendant may file a motion to join an indispensable party (*i.e.*, the New York Times) regarding ownership of the copyright in the Photograph.

Respectfully Submitted,

| | |
|---|---|
| /s/Richard P. Liebowitz | /s/Stephen L. Baker |
| Richard P. Liebowitz | Stephen L. Baker |
| Liebowitz Law Firm, PLLC | Baker and Rannells PA |
| 11 Sunrise Plaza, Suite 305 | 92 East Main St., Suite 302 |
| Valley Stream, NY 11580 | Somerville, NJ 08876 |
| (516) 233-1660 | 908-722-5640 |
| RL@LiebowitzLawFirm.com | s.baker@br-tmlaw.com |
| | |
| *Attorneys for Plaintiff Nicole Craine* | *Attorneys for Defendant* |